[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/31/98
THOMAS K. KAHN
CLERK

No. 97-8415

D. C. Docket No. 1:92-cv-103-JEC

ALEJANDRO ESCARENO,

Plaintiff-Appellant,

versus

NOLTINA CRUCIBLE AND REFRACTORY CORPORATION, et al.,

Defendants,

CARL NOLTE SOHNE GMBH,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(December 31, 1998)**

Before COX, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The issue in this case is whether the Fulton County, Georgia, Probate Court properly appointed an administrator over the estate of Alejandro Escareno ("Escareno" or "Plaintiff"), the deceased Plaintiff in this products liability suit. The Plaintiff contends that pursuant to O.C.G.A. § 15-9-31 the Georgia Probate Court acted within its jurisdiction when it appointed Philip P. Grant ("Grant") as administrator of Escareno's estate. The district court denied the Plaintiff's motion to substitute Grant as a party pursuant to Fed.R.Civ.P. 25(a) on the ground that the probate court lacked jurisdiction to appoint an administrator because Escareno, a Mexican resident, did not have any property in Fulton County, nor did he have a cause of action against a Fulton County defendant. *See* O.C.G.A. § 15-9-31.

To decide this case, we are required to determine the precise requirements of § 15-9-31 for the administration of the estate of a non-resident of Georgia. Because this statute allows for differing interpretations and there are no controlling precedents under Georgia law, we certified the following question to the Supreme Court of Georgia:

> Whether the appointment of Grant as administrator of Escareno's estate was proper under § 15-9-31(2) based upon either the pending cause of action in Fulton County against a foreign defendant or the presence of a case file in Escareno's counsel's office.

On November 23, 1998, the Supreme Court of Georgia issued an opinion answering our question in the affirmative. In light of the Supreme Court of Georgia's opinion, attached hereto as an appendix, we vacate the district court's order denying Escareno's motion to substitute Grant as administrator of Escareno's estate, and the district court's order of dismissal, and remand this case for further proceedings consistent with the opinion of the Supreme Court of Georgia.

2

VACATED and REMANDED.